IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JIM DONOVAN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 13 C 8009 |
| ) | |
| **COMMUNITY UNIT SCHOOL** ) | |
| **DISTRICT NO. 303,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion to remand. For the reasons stated below, the motion to remand is granted.

## BACKGROUND

On March 17, 2011, Defendant Community Unit School District 303 (District) allegedly promulgated a 2011 Education Plan (Plan), which combined Davis Elementary School (Davis) and Richmond Elementary School (Richmond). Plaintiffs are parents with school-age children living within the boundaries for Davis prior to the adoption of the Plan. Plaintiffs contend that the Plan failed to give parents of children at Davis a choice of attending a school other than Richmond. Plaintiffs contend that some parents sent their children to Richmond where the

children received an education below the standard of the rest of the District, and some parents chose instead to send their children to private schools and incur tuition expenses. Plaintiffs contend that they brought a mandamus lawsuit in state court (First State Court Action), and that the state court held that the Plan violated the No Child Left Behind Act (NCLBA), 20 U.S.C. § 6031 *et seq.*, and the Illinois School Code. Plaintiffs subsequently brought the instant class action in state court seeking damages and attorneys' fees. The District then removed the instant action to federal court. Plaintiffs now move to remand the instant action to state court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the burden of showing that the federal court has subject-matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence").

## DISCUSSION

In the notice of removal, the District contends that Plaintiffs' complaint raises claims based on state and federal law, and that this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Not. Rem. Par. 2-3). Plaintiffs

argue that the instant action is not based on an alleged violation of the NCLBA, and is not based on federal law. Plaintiffs contend that the claims in the instant action solely relate to whether the District violated the Illinois School Code and that the proper forum in which to resolve such a state law dispute is in Illinois state court. (Mot. Rem. Par. 11). The District fails to point to any specific allegation that expressly states that Plaintiffs are basing their claims in the instant action on federal law. The District merely points to what they believe is implied by the allegations in the complaint and what the District perceives is the "gravamen of Plaintiffs'" complaint. (Ans. Rem. 1).

The District argues that if Plaintiffs intended only to plead state claims, then Plaintiffs should not have included references to federal law in their complaint. The District also argues that the reason that Plaintiffs reference federal law in the complaint is that Plaintiffs lack any meritorious claim under state law. If the District is correct, Plaintiffs have acknowledged that they are not bringing any federal claims, and the District will be able to present its arguments to the state court. As the District correctly acknowledges, Plaintiffs are the master of their own pleadings. (Ans. Rem. 5). Plaintiffs have not pled any federal claim in this case.

The court also notes that in the First State Court action, the case was removed to federal court (Case Number 11 C 2210). In that case, Plaintiffs had alleged federal-based equal protection claims. In addition, Plaintiffs had referenced the NCLBA just like Plaintiffs have done in this case. Even though Plaintiffs had referenced the NCLBA in that case, once Plaintiffs agreed to dismiss the federal-

based equal protection claim, the court held that there was no federal question subject matter jurisdiction as to the remaining claims, and remanded the action to state court even though the reference to the NCLBA was still in the case. In the instant action, there are no federal claims and there is no federal subject matter jurisdiction over the claims presented by Plaintiffs. Therefore, based on the above, Plaintiffs' motion to remand is granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion to remand is granted and this case is remanded pursuant to 28 U.S.C. § 1447(c).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 19, 2013

4